IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED TALAMINI,<br><br>    Plaintiff,<br><br>vs.<br><br>MILDRED CASTANEDA, et al.,<br><br>    Defendants. | No. C 11-05179 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a state prisoner, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.EJD\CR.11\05179Talamini_dwlta.wpd

defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

In his "statement of claim," Plaintiff alleges that his sister is using the parole department "to breach the family trust," and that she is being a "aided by the negligence of [Plaintiff's] former and current parole agents to gain financially." (Compl. at 3.)

Plaintiff's allegations fail to state a cognizable claim under § 1983. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff fails to identify what federal right has been violated and how each individual defendant acted to violate that specific right. Accordingly, the complaint will be dismissed with leave to amend for Plaintiff to attempt to correct this deficiency.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 11-05179 EJD (PR).

**Failure to respond in accordance with this order by filing an amended**

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.EJD\CR.11\05179Talamini_dwlta.wpd          2

**complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED: 3/30/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRED TALAMINI,

        Plaintiff,

  v.

MILDRED CASTANEDA, et al.,

        Defendants.

Case Number: CV11-05179 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/2/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fred Victor Talamini F-03289
Soledad State Prison
P. O. Box 690
Soledad, CA 93960

Dated: 4/2/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk