United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED TALAMINI,<br><br>    Plaintiff,<br><br>vs.<br><br>MILDRED CASTANEDA, et al.,<br><br>    Defendants. | No. C 11-05179 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a state prisoner, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. On April 2, 2012, the Court dismissed the complaint with leave to amend to state a cognizable claim under § 1983. (See Docket No. 6.) The Court will now screen Plaintiff's amended complaint. (Docket No. 7.)

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

Order of Service
G:\PRO-SE\SJ.EJD\CR.11\05179Talamini_svc.wpd

1  fail to state a claim upon which relief may be granted or seek monetary relief from a
2  defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se
3  pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
4  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States
7  was violated, and (2) that the alleged violation was committed by a person acting
8  under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff claims that the parole board issued a "solicitation and 'no-contact'" order severing Plaintiff from his inheritance. (Am. Compl. at 3.) Plaintiff claims that neither Defendants Castaneda or Schmalhofer are attorneys or accountants, and that they illegally solicited themselves as professionals, and acted "outside their 'realm of the law'" in violation of Plaintiff's right to due process. Plaintiff claims that the CDCR was negligent for not recognizing or investigating the facts. Plaintiff's claim against Defendants Castaneda and Schmalhofer, liberally construed, is cognizable under § 1983.

Plaintiff's claim of negligence against the CDCR is DISMISSED for failure to state a claim. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994)

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 7), all attachments thereto, and a copy of this order upon **Defendants Mildred Castaneda and George Schmalhofer** at the **Parole Unit Office**, (165 Lewis Road, San Jose, CA 95111-2158).

**Defendants J. Haas** and **CDCR** are **DISMISSED** from this action as

Order of Service
G:\PRO-SE\SJ.EJD\CR.11\05179Talamini_svc.wpd     2

1  Plaintiff makes no factual allegations against Defendant Haas in the complaint.  The
2  Clerk shall terminate these defendants from this action.
3     The Clerk of the Court shall also mail a courtesy copy of the amended
4  complaint and a copy of this Order to the California Attorney General's Office.
5  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.
6     2.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil
7  Procedure requires them to cooperate in saving unnecessary costs of service of the
8  summons and amended complaint.  Pursuant to Rule 4, if Defendants, after being
9  notified of this action and asked by the Court, on behalf of Plaintiff, to waive service
10 of the summons, fail to do so, they will be required to bear the cost of such service
11 unless good cause shown for their failure to sign and return the waiver form.  If
12 service is waived, this action will proceed as if Defendants had been served on the
13 date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants
14 will not be required to serve and file an answer before **fifty-six (56) days** from the
15 day on which the request for waiver was sent.  (This allows a longer time to respond
16 than would be required if formal service of summons is necessary.)  Defendants are
17 asked to read the statement set forth at the foot of the waiver form that more
18 completely describes the duties of the parties with regard to waiver of service of the
19 summons.  If service is waived after the date provided in the Notice but before
20 Defendants have been personally served, the Answer shall be due **fifty-six (56) days**
21 from the date on which the request for waiver was sent or **twenty-one (21) days**
22 from the date the waiver form is filed, whichever is later.
23    3.     No later than **fifty-six (56) days** from the date of this order,
24 Defendants shall file a motion for summary judgment or other dispositive motion
25 with respect to the claims in the amended complaint found to be cognizable above.
26       a.     If Defendants elect to file a motion to dismiss on the grounds
27 Plaintiff failed to exhaust his available administrative remedies as required by 42
28 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion

pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).  **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss.  See Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    a. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods, Nos. 09-15548 & 09-16113, slip op. at 7874.**

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 7/18/2012

EDWARD J. DAVILA
United States District Judge

Order of Service
G:\PRO-SE\SJ.EJD\CR.11\05179Talamini_svc.wpd         5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRED VICTOR TALAMINI,

    Plaintiff,

v.

MILDRED CASTANEDA, et al.,

    Defendants.

Case Number: CV11-05179 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/19/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fred Victor Talamini F-03289
Soledad State Prison
P. O. Box 690
Soledad, CA 93960

Dated: 7/19/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk